IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **LAVERNE ANTOINETTE DYSON,** | : |
| Plaintiff, | : |
| v. | : Civ. Case No. GLS 25-215 |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** *et al.*, | : |
| Defendants. | : |

**MEMORANDUM OPINION**

Pending before the Court[1] is the "Motion to Dismiss the Complaint" and memorandum of law in support thereto ("Motion") filed by Defendant Washington Metropolitan Area Transit Authority ("Defendant WMATA") and joined by Defendant Omar Hernandez Guzman ("Defendant Guzman"). (ECF Nos. 6, 7). Laverne Antoinette Dyson ("Plaintiff") filed an Opposition and the Defendants filed Replies. (ECF Nos. 16, 18, 19). Accordingly, briefing on the matter is complete. The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025).

For the reasons set for below, the Motion is **GRANTED**.

**I.   BACKGROUND**

   **A.  Procedural Background**

On December 22, 2024, Plaintiff initiated a negligence lawsuit in the Circuit Court for Prince George's County, Maryland against the Defendants, after she was allegedly injured while riding as a passenger on Defendant WMATA's bus when it collided with a vehicle driven by

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of this Court to conduct all further proceedings in this case, to include through trial, entry of final judgement, and resolution of post-judgment proceedings. (ECF No. 8).

Defendant Guzman. (ECF Nos. 1-3, 3).[2] Thereafter, Defendant WMATA removed the case to this Court. (ECF No. 1).

On January 26, 2025, Defendant WMATA filed a motion to dismiss, which was joined by Defendant Guzman on January 31, 2025. (ECF Nos. 6, 7). After the time for Plaintiff to file a response had lapsed,[3] on February 10, 2025, the Court issued an Order directing Plaintiff to file an Opposition by no later than March 3, 2025, and directing the Defendants to file a Reply, if warranted, by March 17, 2025. (ECF No. 10).

After Plaintiff failed to respond by the March 3, 2025 deadline, on April 3, 2025, the Court issued an Order directing Plaintiff to show cause by April 17, 2025, as to why the Court should not resolve this case based on the Motion. (ECF No. 12). Thirty-five days later, on May 22, 2025, Plaintiff filed a "Response to Show Cause (sic) and Motion to Dismiss." (ECF No. 16). Defendant Guzman filed his Reply on May 30, 2025, and Defendant WMATA filed its Reply on June 6, 2025. (ECF Nos. 18, 19). Accordingly, the issues raised are ripe for resolution.

B. Factual Background[4]

On December 9, 2021, Plaintiff boarded a WMATA ACCESS bus traveling westbound on 16th Street, NW, in Washington, D.C. (ECF No. 3, "Complaint," FACTS, ¶ 6). While Plaintiff was

---

[2] The Court has reviewed the docket sheet in *Laverne Antoinette Dyson v. WMATA and Omar Hernandez Guzman*, Case No. C-16-cv-006121, and finds that the lawsuit was filed in Circuit Court on December 22, 2024. The Court takes judicial notice of the proceedings of another court; specifically, the date that the complaint was filed. *See Hughes v. Freightliner, LLC*, No. 7:04CV00309, 2006 WL 1842997, at *1 (W.D. Va. June 29, 2006) (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)("[A] court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'"); *see also* Fed. R. Evid. 201(b)(2).

[3] In the absence of a court order providing a deadline for Plaintiff to oppose the motion to dismiss, counsel was required to abide by the Local Rules, United States District Court for the District of Maryland (D. Md. 2025), and file a response by no later than February 9, 2025. *See* Local Rule 105.2(a). That did not timely occur. Indeed, no response was filed until after the Court entered two orders seeking a response, and more than three months after any responsive brief was originally due.

[4] Unless otherwise noted, the facts are taken from the Complaint, assumed to be true, and construed in the light most favorable to Plaintiff, the non-moving party. *See Balt. Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019).

a passenger on the bus, the bus collided with a vehicle operated by Defendant Guzman. (*Id.*). As a result of the collision, Plaintiff was severely injured. (*Id.*, ¶ 10). Following the collision, Plaintiff was transported to and treated at the emergency room of an area hospital, and later received follow-up physical therapy for pain and injury. (*Id.*, ¶ 11). In advancing her negligence claim, Plaintiff alleges that Defendants breached the duty of care owed to her by not properly operating their respective vehicles and failing to otherwise operate their vehicles in compliance with the laws and regulations of the District of Columbia. (*Id.*, ¶ 6).

## II.    STANDARD OF REVIEW

It is well settled that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant who files a Fed. R. Civ. P. 12(b)(6) motion is asserting that a plaintiff has failed to state a claim upon which relief can be granted, which requires dismissal of the complaint. *Velencia v. Drezhelo*, Civ. No. RDB 12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).

To survive a motion to dismiss, a complaint must provide a defendant with "fair notice of what the claim is and the grounds upon which it rests." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). In other words, a complaint must contain sufficient facts to state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (holding that a complaint must set forth enough facts as to suggest a "cognizable cause of action"). A claim has "facial plausibility" when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When resolving a 12(b)(6) motion, a court accepts as true the well-pleaded allegations in a

complaint and construes them in the light most favorable to the plaintiff. *Lokhova. v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021). Furthermore, a court "does not resolve contests surrounding the facts [or] the merits of a claim." *Ray*, 948 F.3d at 226 (citation omitted).

It is also well settled that a defendant has the burden of establishing the applicability of an affirmative defense to a complaint. *See* Fed. R. Civ. P. 8(c); *see also Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co.*, 427 F.2d 862, 870 (4th Cir. 1970). In general, a court faced with a Rule 12(b)(6) motion cannot resolve the merits of an affirmative defense, such as an assertion that plaintiff's claim is barred by the statute of limitations. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, the Fourth Circuit has made clear that where "rare circumstances [exist such that the] facts sufficient to rule on an affirmative defense are [clearly] alleged in the complaint," then "the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.* (further citation omitted); *see also Pantry Pride Enters., Inc. v. Glenlo Corp.*, 729 F.2d 963, 965 (4th Cir. 1984) (where the expiration of the relevant statute of limitations "is apparent from the face of the complaint," a court can grant a motion to dismiss based on defense that a claim is time barred).

## III. DISCUSSION

### A. The Parties' Arguments

In the Motion, Defendants first assert that Plaintiff's negligence claim should be dismissed because it was filed after the statute of limitations for such claims had expired. Specifically, Defendants contend that Plaintiff had express knowledge of her injuries on December 9, 2021 (the day of the alleged incident), meaning that, per Maryland's three-year statute of limitations, the Complaint had to be filed by no later than December 9, 2024. According to the Defendants, then,

4

dismissal must be entered because the Complaint was untimely filed 14 days[5] after the statute of limitations had run. Defendants next aver that although the Complaint references an Administrative Order issued by the then-Maryland Court of Appeals that tolled Maryland statutes of limitations for a specified period during the COVID-19 pandemic, that Order does not operate to keep alive the Complaint. In particular, Defendants do not dispute that the Administrative Order tolled state statutes of limitations for the four months that the Maryland courts were closed during the COVID-19 Pandemic, i.e., from March 16, 2020 through July 20, 2020. Rather, Defendants contend that because Plaintiff's cause of action accrued on December 9, 2021, i.e., after the Maryland courts had reopened and the tolling period had ended, the tolling order does not apply to her case. (ECF No. 6-1, "Motion," pp. 2–4).

In the Opposition, Plaintiff counters with two arguments. First, that the Administrative Order operated to extend the statute of limitations to "affor[d] her additional time within which to timely file her claim." Second, "equitable tolling" applies to save her claim from dismissal. In particular, Plaintiff contends that she was actively engaged in settlement negotiations with the Defendants and the insurance company before the statute of limitations was set to expire. As a result, because she believed that settlement was imminent, she delayed filing the Complaint. According to Plaintiff, then, "extraordinary circumstances" exist, such that the "actions by the defendant (sic) equitably toll the limitations period." (ECF. No. 16, "Opposition," pp. 3–4).

Defendants WMATA and Guzman both filed Replies. Defendant Guzman contends that Plaintiff's Opposition is untimely in light of Plaintiff's failure to respond by any of the deadlines imposed by the Court's Orders related to the motion to dismiss briefing. Next, Defendant Guzman submits that the occurrence of settlement discussions is not a valid justification for Plaintiff to

---

[5] The Defendants say that the Complaint was filed fourteen days late; however, if they are correct on the law, the Complaint was actually filed thirteen days late. *See* note 2, *supra*, and Section III.B., *infra*.

delay initiating the instant action, such that equitable tolling would apply to save her untimely Complaint. Finally, regardless of Plaintiff's belief related to the Administrative Order, her claims were not tolled because they accrued after the tolling period ended, and thus are time-barred. (ECF No. 18, "Guzman Reply," pp. 1–4). Defendant WMATA also contends that Plaintiff's claims are time-barred because they accrued outside the Administrative Order's tolling period. Next WMATA similarly avers that settlement negotiations, without evidence that the Defendants attempted to prevent Plaintiff from filing suit, are not the type of conduct to which equitable tolling would apply. (ECF No. 19, "WMATA Reply," pp. 1–2) Ultimately, both Defendants maintain that dismissal is appropriate. *See generally* Guzman Reply; WMTA Reply.

### B. Analysis Related to the Limitations Period for Plaintiff's Claim[6]

In the Complaint, Plaintiff advances a state law cause of action, the tort of negligence, against the Defendants. Complaint (¶¶ 6–11). Generally, when a federal court must decide an issue regulated only by state law, e.g., a state law tort claim, it applies the choice of law rules of the forum state. *See Huynh v. Wash. Metro. Area Transit Auth.*, Civ. No. LKG 23-3175, 2024 WL 4264903, at *4 (D. Md. Sept. 23, 2024); *see also Walker v. Nat'l R.R. Passenger Corp.*, 703 F. Supp. 2d 495, 501 (D. Md. 2010) (applying Maryland substantive law in a case where jurisdiction was based on a federally owned corporation and not on diversity of citizenship). Notably, the

---

[6] Regarding Defendant Guzman's timeliness argument, pursuant to Fed. R. Civ. P 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962). However, a court evaluating a dismissal under the Rule must "consider not only 'the effectiveness of sanctions less drastic than dismissal' but also 'the plaintiff's degree of personal responsibility,' 'the amount of prejudice caused the defendant,' and 'the presence of a drawn out history of deliberately proceeding in a dilatory fashion.'" District courts evaluating dismissal under Rule 41(b) are required "to consider not only 'the effectiveness of sanctions less drastic than dismissal' but also 'the plaintiff's degree of personal responsibility,' 'the amount of prejudice caused the defendant,' and 'the presence of a drawn out history of deliberately proceeding in a dilatory fashion.'" *Lovess v. PennyMac Loan Servs.*, LLC, Civ. No. BAH 25-515, 2025 WL 2306292, at *2 (D. Md. Aug. 11, 2025) (citing *Sorto v. AutoZone, Inc.*, 821 F. App'x 188, 194–95 (4th Cir. 2020)). The Court declines to the dismiss the Complaint outright and will accept Plaintiff's untimely Opposition, finding that the Defendants will not be prejudiced by the Court doing so. As set forth herein, the Court has analyzed the issues raised in the Motion and related briefing.

WMTA Compact itself provides that WMATA "shall be liable . . . for its torts and those of its . . . employees . . . committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory (**including rules on conflict of laws**)." Md. Code Ann., Transp. Art. § 10-204(80) (emphasis added). Accordingly, consistent with the relevant caselaw and the plain language of the WMTA Compact, the Court must apply the choice of law rules of Maryland when resolving Plaintiff's negligence claim.

Under Maryland choice of law principles, courts apply the "substantive tort law of the state where the wrong occur[ed]" (the *lex loci delicti* rule) and the procedural law of Maryland. *Hauch v. Connor*, 453 A.2d 1207, 1209, 1214 & n.10 (Md. 1983); *see also Johnson-Howard v. AECOM Special Missions Servs., Inc.*, 434 F. Supp. 3d 359, 371 (D. Md. 2020). Notably, "Maryland courts almost universally view issues pertaining to the statute of limitations as procedural, not substantive." *Johnson-Howard*, 434 F. Supp. 3d at 371 (quoting *Akinmeji v. Jos. A. Bank Clothiers, Inc.*, 399 F. Supp. 3d 466, 472 (D. Md. 2019) (internal citations omitted). Accordingly, this Court must apply the law of Washington, D.C. to resolve any substantive issues related to Plaintiff's negligence claims, and must apply Maryland law related to the statute of limitations and equitable tolling issues raised in this case.

Maryland has a three-year statute of limitation for negligence actions. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. Maryland also follows the discovery rule to determine when the limitation period begins to run. *State Auto. Mut. Ins. Co. v. Lennox*, 422 F. Supp. 3d 948, 963 (D. Md. 2019). Under the discovery rule, a "cause of action accrues when the plaintiff knows or reasonably should have known of the wrong." *Id.*; *see also Interphase Garment Sols., LLC v. Fox Television Stations, Inc.*, 566 F. Supp. 2d 460, 464 (D. Md. 2008) (quoting *Hecht v. Resol. Trust*

*Corp.*, 635 A.2d 394, 400 (Md. 1994)).[7]

In this case, applying the discovery rule, the Court finds that Plaintiff had knowledge of Defendant's alleged wrong on December 9, 2021 when the collision occurred. (Complaint, FACTS, ¶ 6). Thus, the Court finds that December 9, 2021 marks the day that the statute of limitations began to run, and the deadline for Plaintiff to file her Complaint was three years later, i.e., on December 9, 2024. *See Interphase Garment Sols., LLC*, 566 F. Supp. 2d at 464. Plaintiff ultimately filed her Complaint on December 22, 2024, thirteen days after the statute of limitations had run. (ECF No. 1). Accordingly, absent a tolling of the statute of limitations, Plaintiff's claims related to the December 9, 2021 collision are time-barred.

1. The COVID-19 Tolling Administrative Orders

In a series of Administrative Orders issued by the Supreme Court of Maryland,[8] that court tolled the statute of limitations in cases from March 16, 2020 through July 20, 2020 due to the COVID-19 pandemic. *See* Md. Ct. App., Final Admin. Ord. (Mar. 28, 2022), https://perma.cc/CTL2-JCAV.[9] The Supreme Court of Maryland has clarified that the Administrative Order "only tolled the statute of limitations for the four months that the courts were closed to the public." *Doe v. Univ. of Md. Fac. Physicians, Inc.*, No. 393, Sept. Term, 2023, 2024 WL 2149831, at *3 (Md. Ct. Spec. App. May 14, 2024). Put another way, only "the days that the offices of the clerks of the court were closed to the public (March 16, 2020 through July 20, 2020) do not count against the time remaining" to initiate a matter. *Id.*

---

[7] Washington D.C. also has a three-year statute of limitations for negligence actions, and applies the discovery rule. *See* D.C. Code Ann., § 12-301(a)(8); *Mullin v. Washington Free Wkly., Inc.*, 785 A.2d 296, 298 (D.C. 2001). Accordingly, the outcome would be the same even if the Court were to look to the procedural law of the District of Columbia, where the tort occurred.

[8] Effective December 14, 2022, the Court of Appeals of Maryland was renamed the Supreme Court of Maryland.

[9] There were several orders issued between April 3, 2020 and March 28, 2022. The Court takes judicial notice of these orders. *See* Fed. R. Evid. 201(b)(2).

The accident that gave rise to Plaintiff's claim occurred on December 9, 2021. (Complaint, FACTS, ¶ 6). This was more than a year after the offices of the clerks of the courts in Maryland reopened to the public. Therefore, the CODVID-19 Administrative Order's tolling period does not apply to Plaintiff's claims. *See Doe*, 2024 WL 2149831, at *3 (explaining that the statutes of limitations were only tolled while "the offices of the clerks of court were closed to the public"). Accordingly, the Court holds that the COVID-19 Administrative Orders cannot save Plaintiff's untimely claims.

2. Equitable Tolling

In her Opposition, Plaintiff cites only to federal principles of equitable tolling to support her argument that the statute of limitations should be tolled in this case. (Opposition, pp. 3–4). However, as held *supra*, the Court must apply Maryland equitable tolling law to determine whether tolling the statute of limitations is applicable in this case. As another court in this District opined, contrary to federal law, the doctrine of equitable tolling "applies more narrowly in Maryland." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 538 (D. Md. 2014). Under Maryland law, "equitable tolling only will be applied to suspend the running of a statute of limitations . . . if the defendant holds out an inducement not to file suit or indicates that limitations will not be plead[ed]." *Id.* (alterations in the original) (quoting *Kumar v. Dhanda*, 17 A.3d 744, 754 (Md. Ct. Spec. App. 2011)); *Adedje v. Westat, Inc.*, 75 A.3d, 401, 408 (Md. Ct. Spec. App. 2013) ("[E]quitable tolling seeks to excuse untimely filing by an individual plaintiff and is generally applicable where the plaintiff has been induced or tricked by the defendant's conduct into allowing the filing deadline to pass.").

In the Complaint, Plaintiff fails to plead any facts about the Defendants' conduct related to any potential pre-lawsuit settlement of her claims. (Complaint, FACTS, ¶¶ 6–11). Indeed, the Complaint contains no reference to settlement discussions between the parties at all, let alone any

factual allegations that either Defendant attempted to prevent Plaintiff from filing suit. (*Id.*). Thus, the Court finds that Plaintiff has pleaded no facts in the Complaint that support the inference that Defendants induced Plaintiff not to file suit. (*Id.*). Accordingly, Plaintiff has failed to plausibly plead facts that equitable tolling should apply to her claims.

Next, Plaintiff raises for the first time in her Opposition, that she was engaged in pre-lawsuit settlement discussions with the Defendants. (Opposition, pp. 3–4). In this Circuit, "it is well-established that parties cannot amend their complaints through briefing." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013); *see also Horton v. Cullen,* Civ. No. GLS 22-2951, 2024 WL 4169976, at *6 (D. Md. Sept. 12, 2024); *Davis v. Mabus*, 162 F. Supp. 3d 467, 482 (D. Md. 2016). Accordingly, Plaintiff cannot now attempt to amend her Complaint with new factual allegations related to settlement raised in her Opposition.

Notwithstanding the foregoing, any pre-lawsuit discussions related to settlement are insufficient to warrant the application of equitable tolling to Plaintiff's claim. *Cf. Blount v. Shalala*, 32 F. Supp. 2d 339, 342 (D. Md. 1999), *aff'd*, 199 F.3d 1326 (4th Cir. 1999) ("Settlement discussions alone do not constitute affirmative misconduct intended to lull a claimant into inaction; there must be evidence of an affirmative promise to settle or evidence of efforts on the part of the agency to prevent the claimant from filing her complaint.").

In sum, because neither the Administrative Order nor equitable tolling applies, Plaintiff's claims are time-barred and dismissal with prejudice[10] under Rule 12(b)(6) is appropriate.

---

[10] "[A] court order dismissing an action . . . on the grounds that the complaint, on its face, is barred by the statute of limitations is an adjudication on the merits under the doctrine of *res judicata*." *N. Am. Specialty Ins. Co. v. Boston Med. Grp.*, 906 A.2d. 1042, 1052 (Md. Ct. Spec. App. 2006).

## IV.   CONCLUSION

For the foregoing reasons, the Motion, (ECF No. 6), is **GRANTED.**

A separate Order will follow.


Date: September 8, 2025                                     /s/
                                                    The Honorable Gina L. Simms
                                                    United States Magistrate Judge